**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Steven Ray Pirtle,<br><br>  Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>  Defendant. | No. CV-20-01570-PHX-JJT<br><br>**ORDER** |

At issue is the denial of Plaintiff Steven Ray Pirtle's Applications for Social Security Disability Insurance ("SSDI") and Supplemental Security Income ("SSI") benefits by the Social Security Administration ("SSA") under the Social Security Act ("the Act"). Plaintiff filed a Complaint (Doc. 1) seeking judicial review of that denial and an Opening Brief (Doc. 22). Defendant SSA filed an Answering Brief (Doc. 23), and Plaintiff filed a Reply (Doc. 29). The Court has reviewed the briefs and Administrative Record ("AR") (Doc. 16) and reverses the Administrative Law Judge's ("ALJ") decision (AR at 21-34) and remands this matter for a new hearing for the reasons addressed herein.

**I.     Background**

Plaintiff filed Applications for SSDI and SSI benefits on February 13, 2017, alleging a disability beginning on September 1, 2012. (AR 21). Plaintiff's claim was initially denied on June 12, 2017, and upon reconsideration on September 12, 2017. (*Id.*) A hearing was held before ALJ Paula Fow Atchison on July 19, 2019. (*Id.* at 41-74). Plaintiff was 60 years old on the date of the hearing. (*Id.*) Plaintiff's Application was denied by the ALJ on August

1, 2019. (*Id*. at 34). Thereafter, the Appeals Council denied Plaintiff's Request for Review of the ALJ's decision and this appeal followed. (Doc. 1).

After considering the medical evidence and opinions, the ALJ found that Plaintiff had the following severe impairments: lumbar degenerative disc disease, degenerative joint disease of the shoulder, foraminal stenosis, lumbar radiculopathy, and obesity. (AR 26). Notwithstanding these severe impairments, the ALJ determined that Plaintiff was not disabled and had the residual functional capacity ("RFC") to perform medium work with a number of limitations. (*Id.* at 29).

Plaintiff argues that the ALJ committed harmful error by rejecting the assessments of treating physician Douglas P. Nelson, M.D. ("Dr. Nelson") and agency consultative examiner Robert Gordon, D.O. ("Dr. Gordon"), and in rejecting his subjective symptom testimony in the absence of substantial evidence. (Doc. 22). Plaintiff seeks for his case to be remanded for an award of benefits. (*Id.*) The Commissioner argues that the ALJ's opinion is free of harmful error. (Doc. 23). The Court has reviewed the medical record and will discuss the pertinent evidence in addressing the issues raised by the parties.

**II.   Legal Standards**

An ALJ's factual findings "shall be conclusive if supported by substantial evidence." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019). The Court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted). In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001).

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. §404.1520(a)(4)(i). At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* At step four, the ALJ assesses the claimant's RFC and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If not, the ALJ proceeds to the fifth and final step, where she determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If not, the claimant is disabled. *Id.*

**III. Analysis**

Plaintiff argues that the ALJ committed harmful error by rejecting the assessments of treating physician Dr. Nelson and agency consultative examiner Dr. Gordon, and in rejecting his subjective symptom testimony in the absence of substantial evidence. (Doc. 22). Plaintiff seeks for his case to be remanded for an award of benefits. (*Id.*) The Commissioner argues that the ALJ's opinion is free of harmful error. (Doc. 23).

**A. Medical Opinion Evidence**

When evaluating medical opinion evidence in cases filed prior to March 27, 2017, such as this one, "[t]he ALJ must consider all medical opinion evidence," and there is a hierarchy among the sources of medical opinions. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). Those who have treated a claimant are treating physicians, those who examined but did not treat the claimant are examining physicians, and those who neither

examined nor treated the claimant are non-examining physicians. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).

Generally, opinions of treating physicians are entitled to the greatest weight; opinions of examining, non-treating physicians are entitled to lesser weight; and opinions of non-examining physicians are entitled to the least weight. *See Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014).[1] While greater weight is generally afforded to treating physicians, a "treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability." *Rodriguez v. Bowen*, 876 F.2d 759, 761–62 & n. 7 (9th Cir. 1989). "The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002).

When examining doctors "provide independent clinical findings that differ from the findings of the treating physician, such findings are themselves 'substantial evidence.'" *Lingenfelter v. Astrue*, 504 F.3d 1028, 1042 (9th Cir. 2007) (*quoting Orn*, 495 F.3d 625, 632) (other citations omitted). "As is the case with the opinion of a treating physician, the Commissioner must provide clear and convincing reasons for rejecting the uncontradicted opinion of an examining physician." *Lester*, 81 F.3d at 830–31. "And like the opinion of a treating doctor, the opinion of an examining doctor, even if contradicted by another doctor, can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995)).

An ALJ meets the "substantial evidence" requirement by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Garrison*, 759 F.3d at 1012 (quoting *Reddick*, 157 F.3d at 725). This means that an ALJ must "do more than state conclusions." *Id.* Rather, the ALJ

---

[1] The regulations provide that the amount of weight given to any medical opinion depends on a variety of factors, namely: whether the physician examined the claimant; the length, nature, and extent of the treatment relationship (if any); the degree of support the opinion has, particularly from medical signs and laboratory findings; the consistency of the opinion with the record as a whole; the physician's specialization; and "other factors." 20 C.F.R. §§ 404.1527(c)(1)–404.1527(c)(6).

- 4 -

"must set forth his own interpretations and explain why they, rather than the doctors', are correct." (*Id.*). The Ninth Circuit requires this exacting standard "because, even when contradicted, a treating or examining physician's opinion is still owed deference and will often be 'entitled to the greatest weight . . . even if it does not meet the test for controlling weight.'" (*Id.*) (*quoting Orn*, 495 F.3d at 633).

> **1.   The ALJ erred in considering the opinion of treating physician, Dr. Nelson.**

Plaintiff argues that the ALJ did not provide specific and legitimate reasons to reject the opinion of treating physician Dr. Nelson. (Doc. 22). Rather than address most of Plaintiff's arguments as to the ALJ's treatment of Dr. Nelson's opinions, the Commissioner focuses on the ALJ's discussion of the state agency reviewers whose opinions were given great weight and argues that the ALJ properly addressed those opinions. (Doc. 23).

Dr. Nelson provided three opinions in this case. (AR 874-75, 1177-78, 1328-29). In his most work-restrictive opinion, Dr. Nelson opined that Plaintiff could sit for only two hours and stand or walk for less than two hours in an eight hour workday. (*Id.* at 1328-29). Moreover, he opined that Plaintiff could lift and carry no more than fourteen pounds and that Plaintiff would miss more than six days of work per month due to his impairments. (*Id.*) These opinions are relevant because the VE testified that such limitations would preclude all work. (*Id.* at 71).

The ALJ assigned little weight to all three of Dr. Nelson's opinions, finding that they relied "heavily on the claimant's subjective report of symptoms and limitations," and that the totality of evidence did not support the opinions. (*Id.* at 31). The ALJ did not cite to any portion of the record to support this finding. The ALJ also found that the record did not support Dr. Nelson's opinion that Plaintiff could only lift fourteen pounds. (*Id.*) Again, the ALJ did not cite to the record to support this finding. Next, the ALJ stated that "the claimant [sic] shows the claimant has degenerative joint disease of the shoulder," but in spite of Plaintiff's reported pain, "an examination showed a full range of motion." (*Id.* citing 1082). The ALJ concluded by stating, "[a]ccordingly, the undersigned finds this

opinion is without substantial support from the medical source who made it, which renders it less persuasive." (*Id.*)

The Court finds a number of issues with the ALJ's discussion, or lack thereof, of Dr. Nelson's opinions. The ALJ's analysis related to Dr. Nelson is rather brief and conclusory considering that Dr. Nelson is a treating physician. Moreover, the ALJ only cites to a single page, out of a nearly 1,400 page AR, attempting to discredit Dr. Nelson's opinion because the single record stated that Plaintiff had full range of motion. (AR 1082). However, a closer look at that record reveals that while Plaintiff had full range of motion, the note indicated "pain at maximum ROM (range of motion)." (*Id.*) The ALJ does not explain this. Lastly, the Court is unable to meaningfully review the ALJ's conclusion that the "opinion is without substantial support from the medical source who made it, which renders it less persuasive," as the ALJ does not cite to any evidence in the record to support this conclusion.

While the Commissioner provides numerous citations to the medical record to bolster the ALJ's findings, the ALJ did not cite to these records in weighing the medical opinion testimony and the Court cannot consider them as a basis to affirm the ALJ.[2] S*ee Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014) ("We review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely"); *see also Bray v. Comm'r of Soc. Sec.*, 554 F.3d 1219, 1226 (9th Cir. 2009) (the Court reviews only the "reasoning and factual findings offered by the ALJ–not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking").

To reject the opinion of Dr. Nelson, a treating physician, the ALJ needed to "set[] out a detailed and thorough summary of the facts and conflicting clinical evidence, stat[e] his interpretation thereof, and making findings." *Garrison*, 759 F.3d at 1012 (quoting

---

[2] The Court notes that the Commissioner also argues that Dr. Nelson's "check-the-box" opinion is inherently less persuasive than other types of opinions that contain additional explanatory information and that an ALJ may give less weight to such unsupported "check-the-box" opinions. (Doc. 23 at 11). What the Commissioner leaves out is that the ALJ did not criticize the nature of Dr. Nelson's opinion, and therefore, the Court cannot use this as a basis to affirm the ALJ's decision here.

- 6 -

*Reddick*, 157 F.3d at 725). The ALJ must "do more than state conclusions." *Id.* Here, the conclusory nature of the ALJ's findings as to Dr. Nelson, a treating physician, were not proper. This is harmful error warranting reversal.

### 2. The ALJ erred in considering the opinion of consultative examiner, Dr. Gordon.

Plaintiff next argues that the ALJ did not provide specific and legitimate reasons to reject the opinion of consultative examiner, Dr. Gordon. (Doc. 22). The Commissioner argues that the ALJ did not err in the consideration of this opinion. (Doc. 23).

Dr. Gordon performed an examination of Plaintiff in connection with Plaintiff's Application for benefits. (AR 1019-28). Dr. Gordon opined that Plaintiff's impairments would limit him to the light exertional level of employment. (*Id.* at 1025). Plaintiff argues that this opinion is relevant because, if accepted, it would render Plaintiff disabled due to his age.

Similar to the discussion of Dr. Nelson's opinions, the ALJ provided few reasons to reject Dr. Gordon's opinion. The ALJ first states, without citation to the record, that Dr. Gordon's opinion relied heavily on Plaintiff's subjective complaints. (*Id.* at 31). Next, the ALJ cited to an entire batch of medical records after stating that "although the claimant has degenerative joint disease of the shoulder and received bilateral shoulder injections, the claimant had a normal musculoskeletal exam and no sensory loss." (*Id.* citing 1330-59). The ALJ next states that "[u]nfortunately, the totality of evidence does not support Dr. Gordon's opinions," without any citation to the record. And again, the ALJ states that "although the claimant reported pain, and examination showed a full range of motion." (*Id.* citing 1082). The ALJ additionally states that Plaintiff was able to walk without an assistive device and that his gait was normal before concluding that "Dr. Gordon's opinion is an overestimate of the severity of the individual's restrictions/limitations." (*Id.* at 32).

The Court finds that the ALJ did not support her decision with substantial evidence in the record. As to the additional pieces of evidence that were cited in the discussion of Dr. Gordon's opinion, the ALJ did not explain how Plaintiff's ability to walk without an

assistive device or the presence of "normal gait" undermined Dr. Gordon's opined limitations. Nor can the Court attempt to make those connections on review. S*ee Bray v. Comm'r of Soc. Sec.*, 554 F.3d 1219, 1226 (9th Cir. 2009) (the Court reviews only the "reasoning and factual findings offered by the ALJ–not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking"). Therefore, the Court finds that the ALJ erred in the discussion of Dr. Gordon's opinion.

### B. Plaintiff's Symptom Testimony

At the hearing, Plaintiff testified that he would be unable to work because of low back pain that radiated to his legs and numbness in his leg. (AR 54). He testified that his pain increased with sitting and walking, and that his pain made it difficult to sleep. (*Id.* at 55, 64). He also experienced shoulder pain which made it difficult for him to reach overhead. (*Id.* at 57, 65). The pain resulted in Plaintiff needing to lay down four to five hours a day. (*Id.* at 62).

As an initial matter, the ALJ did not discuss Plaintiff's hearing testimony in her decision. Rather, the ALJ briefly discussed Plaintiff's allegations as submitted in documentary evidence. (AR 29). The ALJ found Plaintiff's medically determinable impairments could reasonably be expected to produce the symptoms alleged, but that his statements concerning the intensity, persistence, and limiting effects of those symptoms were not consistent with the medical evidence, including his own statements and testimony regarding activities of daily living. (*Id.*)

Plaintiff argues that the ALJ did not provide legitimate reasons to discount his testimony, and therefore, that the Court should remand this matter for an award of benefits. The Commissioner argues that the ALJ properly examined the medical evidence to determine that the record did not support Plaintiff's testimony as to the severity of his symptoms.

An ALJ must evaluate whether the claimant has presented objective medical evidence of an impairment "which could reasonably be expected to produce the pain or symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035–36 (9th Cir. 2007)

(quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (*en banc*) (internal citations omitted)). In evaluating a claimant's pain testimony after a claimant produces objective medical evidence of an underlying impairment, "an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain." *Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005). However, the ALJ may "reject the claimant's testimony about the severity of [the] symptoms" provided that the ALJ also explains his decision "by providing specific, clear, and convincing reasons for doing so." *Brown-Hunter v. Colvin*, 806 F.3d 487, 488–89 (9th Cir. 2015). The ALJ may also consider "'whether the claimant engages in daily activities inconsistent with the alleged symptoms.'" *Id.* (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1040 (9th Cir. 2007)). "Even where those activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment," *Id.* at 1113, or where they suggest that "later claims about the severity of [the] limitations were exaggerated," *Valentine v. Astrue*, 574 F.3d 685, 694 (9th Cir. 2009).

Here, the Court agrees that the discussion of Plaintiff's symptoms is rather sparse and lacking in the proper analysis. The ALJ first states, without citing to anything in the record, that "despite the claimant's back impairments and obesity, the claimant's gait was normal." (AR 30). Next, and again without citation to any record, the ALJ finds that there was a "normal musculoskeletal exam and no sensory loss." (*Id.*) The ALJ does not explain how the claimant's normal gait or lack of sensory loss negates any of his symptom testimony, and as the ALJ does not discuss any symptom testimony, the Court cannot meaningfully review that conclusion.

As to the discussion of Plaintiff's activities of daily living, the ALJ states that Plaintiff was able to care for his personal needs, prepare simple meals, travel out of town, and "watche[d] sports on television." (*Id.*) The ALJ does not discuss Plaintiff's activities of daily living whatsoever, other than listing the activities and declaring that these are "inconsistent with the medical evidence." (*Id.*) This is not sufficient.

The Court cannot meaningfully review the ALJ's finding that Plaintiff's daily activities are inconsistent with his symptoms as the ALJ does not tie any of these activities—meals, watching television, and care for personal needs—to any of the work-preclusive specific symptoms alleged. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (ALJ must "set forth the reasoning behind its decisions in a way that allows for meaningful review") *see also Guerrero v. Berryhill,* 2018 WL 5276418, at *4 (D. Ariz. Oct. 24, 2018) (rejecting agency rationale where "the ALJ did not link this medical evidence to her credibility findings . . . [but] simply recited the medical evidence, which is not sufficient"); *Bridges v. Commr. of Soc. Sec.*, 2018 WL 4381527, at *3 (D. Ariz. Sept. 14, 2018) ("Nor did [the ALJ] explain how Plaintiff's treatment records undermine her symptom testimony."). And, as explained above, the ALJ does not discuss any of Plaintiff's testimony in her decision. Therefore, the Court finds that the ALJ committed harmful error by failing to provide clear and convincing reasons for discounting Plaintiff's symptom testimony.

### IV.     Remand for Further Proceedings

Once a court has determined an ALJ's decision contains harmful error, the decision whether to remand a case for additional evidence or for an award of benefits is within the discretion of the court. *Reddick*, 157 F.3d at 728; *Swenson v. Sullivan*, 876 F.2d 683, 689 (9th Cir. 1989). "If additional proceedings can remedy defects in the original administrative proceedings, a social security case should be remanded. Where, however, a rehearing would simply delay receipt of benefits, reversal [and an award of benefits] is appropriate." *Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir. 1981). "Remand for further proceedings is appropriate where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find claimant disabled if all the evidence were properly evaluated." *Hill v. Astrue*, 698 F.3d 1153, 1162 (9th Cir. 2012) (*citing Vasquez v. Astrue*, 572 F.3d 586, 593 (9th Cir. 2009)).

Here, it is not clear from the record that the ALJ would be required to find Plaintiff disabled if all the evidence were properly evaluated using the proper standards. Therefore, the Court in its discretion finds that remand for further proceedings is appropriate, to hold a new hearing, reconsider the medical opinion evidence of record under the appropriate standards, and issue a new decision.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner is **REVERSED** and this case is **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings, including a new administrative hearing and issue a new decision.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to enter judgment accordingly.

Dated this 24th day of May, 2022.

Honorable John J. Tuchi
United States District Judge